1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BEAU R. GUZMAN,                          No.  2:15-cv-01863-KJM-CKD

12              Plaintiff,

13        v.                                   ORDER

14   DEPARTMENT OF MOTOR VEHICLES,
     as a public entity and DOES 1-10
15   inclusive,

16              Defendants.

17

18

19         This matter is before the court on plaintiff Beau Guzman's motion to amend his

20   complaint and remand the action to state court.  The motion was submitted for decision without a

21   hearing and is granted.

22   I.    BACKGROUND

23         Guzman filed his original complaint in this action in Sacramento County Superior

24   Court in June 2015.  Not. Removal Ex. A, ECF No. 1.  He alleges he was sexually harassed at

25   work and discriminated against on the basis of his sex.  He also alleges his employer, the

26   California Department of Motor Vehicles (DMV), did not prevent this discrimination and

27   harassment, and in fact retaliated against him after he complained.  He advances both federal

28

                                              1

Case 2:15-cv-01863-KJM-CKD   Document 12   Filed 03/10/16   Page 2 of 4


1    claims under 42 U.S.C. §§ 2000e to 2000e-17 and the California Fair Employment and Housing

2    Act (FEHA), Cal. Gov't Code §§ 12940 *et seq.*

3              On September 2, 2015, the DMV removed the case to this court on the basis of

4    28 U.S.C. §§ 1331 and 1367, ECF No. 1.  The court held a status (pretrial scheduling) conference

5    on January 7, 2016, Minutes, ECF No. 7, and issued a Status (Pretrial Scheduling) Order on

6    January 17, 2016, ECF No. 8.  In that order, the court permitted Guzman to file a motion to

7    amend his complaint within thirty days of the status conference.  *See id.* at 2.

8              Guzman timely moved to amend.  ECF No. 9.  His proposed amended complaint

9    omits the federal-law claims he previously advanced and relies entirely on state-law FEHA claims

10   under California Government Code sections 12940 et seq.  *See generally* Proposed Am. Compl.,

11   ECF No. 9-1.  In light of the absence of any federal claims, Guzman now also moves to remand

12   the case to state court.  ECF No. 9.  The DMV does not oppose the amendments or remand, but it

13   reads the proposed amended complaint to allege new state-law claims, and it argues the court

14   lacks jurisdiction to consider these state-law amendments.

15   II.    DISCUSSION

16             First, this case was properly removed.  A defendant may remove an action over

17   which a district court would have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  District courts

18   have original jurisdiction over civil actions arising under federal law, *id.* § 1331, and

19   supplemental jurisdiction over any state-law claims that are "so related to [the federal claims] that

20   they form part of the same case or controversy under Article III of the United States

21   Constitution," *id.* § 1367(a).  Because Guzman's original complaint alleged both federal and

22   state-law harassment, discrimination, and retaliation claims, and because those claims were based

23   on the same core events, this court had jurisdiction over the removed action in its entirety.

24             Later amendments do not destroy the court's removal jurisdiction; "jurisdiction

25   must be analyzed on the basis of the pleadings filed at the time of removal without reference to

26   subsequent amendments."  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d

27   1209, 1213 (9th Cir. 1998).  For this reason, "a plaintiff may not compel remand by amending a

28

2

1   complaint to eliminate the federal question upon which removal was based." *Id.*[1]  Rather, a

2   district court has discretion to remand a removed case after the elimination of federal claims, and

3   this discretion is informed by "the principles of economy, convenience, fairness, and comity."

4   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

5               One aspect of this discretionary decision involves considering the plaintiff's

6   legitimate choice to pretermit federal claims and return to state court.  *See Baddie v. Berkeley*

7   *Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995); *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d

8   1203, 1208–09 (C.D. Cal. 2013).  In most instances, the elimination of all federal claims tips the

9   scale in favor of remand.  *See, e.g.*, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.

10  1997) (en banc); *Horne*, 969 F. Supp. 2d at 1209–10.  This case is no exception.  Because upon

11  amendment the only claims remaining in this action would arise under California law, and

12  because this case remains in its early stages, remand to state court would serve the interests of

13  convenience, comity, and fairness.

14              The DMV agrees the case may be remanded, but it argues the court has

15  jurisdiction only to permit Guzman's desertion of his federal claims, not the assertion of modified

16  or additional state-law claims.  *See* Opp'n at 2–3.  That is incorrect.  As described above, the

17  absence of a federal claim is not conclusive of this court's jurisdiction; rather, the court's

18  continuing jurisdiction depends on the discretionary considerations of economy, convenience,

19  fairness, and comity.  *Carnegie-Mellon*, 484 U.S. at 357.

20              The DMV also suggests the decision on amendment would be resolved better in

21  state court, where Guzman's state-law claims will be litigated should they enter the case.  Opp'n

22  at 3.  The court disagrees.  The state-law additions Guzman seeks represent no sea-change in this

23  litigation.  In his proposed amended complaint, as in the original, he pursues claims of sexual

24  harassment, a hostile work environment, sex discrimination, a failure to prevent that

25  discrimination and harassment, and retaliation under the FEHA.  His proposed amended

26

27              [1] This case contrasts with those in which the district court lacks jurisdiction from the
    outset.  *See, e.g.*, *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d
28  1376, 1380 (9th Cir. 1988).  In that circumstance, a district court has power only to dismiss.  *Id.*

1  complaint cites the same provisions of California law as his original complaint.  Other than its

2  broad assertion of comity, the DMV says nothing about the merits of the amended claims

3  themselves, so it is difficult to understand how this court would be making needless

4  pronouncements of state law by permitting an amendment.  Moreover, the question is now fully

5  briefed and squarely presented to this court.  The economical, convenient, and fair course, one

6  that does little or nothing to offend federal-state judicial comity, is to consider the proposed

7  amended complaint now in its entirety.

8          In general, leave to amend is granted freely in an effort to "facilitate decision on

9  the merits rather than on the pleadings or technicalities."  *DCD Programs, Ltd. v. Leighton*,

10  833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

11  1981)).  But leave need not be granted where the amendment would cause the opposing party

12  undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

13  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  Here,

14  the case is in its early stages, Guzman seeks leave to amend for the first time, and the court

15  allowed his current motion to amend in its scheduling order.  The court is aware of no prejudice,

16  delay, bad faith or futility.

17  III.     CONCLUSION

18          The motion for leave to amend is GRANTED.  The proposed amended complaint

19  is deemed FILED.  Because the amended complaint asserts no federal claims, the case is

20  REMANDEND to Sacramento County Superior Court.  This order resolves ECF No. 9.

21          IT IS SO ORDERED.

22   DATED:  March 10, 2016.

23

24  _____
    UNITED STATES DISTRICT JUDGE

25

26

27

28

4